IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Zebra Technologies Corporation,  )
                                 )
        Plaintiff,                )
                                 )
    v.                           )    No. 11 C 8929
                                 )
Sovereign Holdings, LLC d/b/a    )
Sovereign Advisers, LLC and      )
Jeffrey Hines,                   )
                                 )
        Defendants.              )

MEMORANDUM OPINION AND ORDER

Sovereign Holdings, LLC ("Sovereign") and Jeffrey Hines ("Hines") have just removed this action from the Circuit Court of the Nineteenth Judicial District, Lake County, Illinois, to this District Court, seeking to invoke federal subject matter jurisdiction on diversity-of-citizenship grounds (see Notice of Removal ("Notice") ¶7). Because counsel for Sovereign and Hines have inexplicably failed to discharge their clients' burden to establish federal jurisdiction, this action is sua sponte remanded to its place of origin.

Notice ¶ 3 properly identifies both facets of corporate citizenship of plaintiff Zebra Technologies Corporation ("Zebra") in accordance with 28 U.S.C. §1332(c)(1).[1] Notice ¶5 is equally impeccable in identifying Hines' North Carolina citizenship. As to limited liability company Sovereign, however, Notice ¶4

---

[1] All further citations to provisions of Title 28 will simply take the form "Section --."

recites two irrelevant facts as though it were also a conventional corporation: its state of formation and the location of its principal place of business:

> Defendant Sovereign is a North Carolina limited liability company, with its headquarters and primary place of business in North Carolina [Complaint, ¶ 5; see also Exhibit "B."]

Those allegations ignore more than a dozen years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)). And that teaching has of course been echoed many times over by this Court and its colleagues.

For a good many years this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligations to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). But there is really no excuse for defense counsel's present lack of knowledge of such a firmly established principle after well over a full decade's repetition by our Court of Appeals and others -- and that omission is doubly troubling where, as here, the limited liability company is counsel's own client, so that the relevant facts are readily available to counsel (unlike the situation where a limited liability company is suing or is being sued by counsel's client).

To be sure, this Court has noted that Paragraph 5 of the underlying Complaint (Notice Ex. B) refers to Titanium Asset Management Corp. ("Titanium") as having bought Sovereign in October 2007. But that paragraph goes on to state only that Titanium's purchase resulted in its having "acquired a controlling interest in Sovereign" -- and that reflects plaintiff Zebra's understanding, not the required representation by Sovereign itself. It is entirely possible that Hines or someone else may also be a member of Sovereign at the current time, rather than Sovereign having only a single member (Titanium). And more importantly, the caselaw referred to in the text teaches that for purposes of the diversity inquiry the citizenship of every member of a limited liability company must be established by the party invoking federal jurisdiction.

Sovereign's counsel could have clarified the situation by addressing the subject in the Notice -- or even by filing the Notice early without the necessary information, for this Could would promptly have raised the issue just as it has done here two working days after the removal. But by waiting until nearly the last moment permitted for removal under Section 1446(b), counsel deprived themselves of the opportunity to have this Court flag the issue for them so that the flaw could have been cured if it were curable.

In any event, as the situation now stands the 30-day period

for a proper removal has run out and, to quote Section 1447(c), "it appears that the district court lacks subject matter jurisdiction." That being so, Section 1447(c) goes on to state that "the case shall be remanded," and this Court so orders. It is further ordered that the certified copy of the order of remand shall be mailed to the Clerk of the state court forthwith, so that the parties may go on with the substantive litigation of their dispute.

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Dated:    December 20, 2011